FILED'09 JUL 01 15:45USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| ALLIANCE FOR THE WILD ROCKIES, INC.; FRIENDS OF THE WILD SWAN, INC., | ) ) ) | Civil No. 04-1813-JO |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | OPINION AND ORDER |
| DAVE ALLEN, Regional Director, U.S. Fish and Wildlife Service; ET AL., | ) ) ) ) | |
| Defendants. | ) ) | |

Gary K. Kahn
REEVES KAHN & HENNESSY
4035 S.E. 52nd Avenue
P. O. Box 86100
Portland, OR 97286-0100

Jack R. Tuholske
TUHOLSKE LAW OFFICE, PC
234 E. Pine Street
P. O. Box 7458
Missoula, MT 59807

Sarah K. McMillan
ATTORNEY AT LAW
P. O. Box 7435
Missoula, MT 59807

   Attorneys for Plaintiffs

Jean E. Williams
Kevin William McArdle
U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
Ben Franklin Station
P. O. Box 7369
Washington, D.C. 20004-7369

Bridget Kennedy McNeil
U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
1961 Stout Street, 8th Floor
Denver, CO 80294

   Attorneys for Defendants

Damien M. Schiff
PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834

James S. Burling
PACIFIC LEGAL FOUNDATION
10940 N.E. 33rd Place, Suite 109
Bellevue, WA 98004

   Attorneys for Intervenors

JONES, Judge:

This action involves a challenge to the U.S. Fish and Wildlife Service ("FWS") designation of critical habitat for the bull trout, a species listed as "threatened" under the Endangered Species Act ("ESA"), 16 U.S.C. §§ 1531-1544. At present, cross-motions for

2 - OPINION AND ORDER

summary judgment concerning the final rule are pending, but due to significant revelations over the past several months concerning the integrity of the FWS 2005 final rule, the federal defendants now seek voluntary remand (# 116). For the reasons explained below, I grant defendants' motion with instructions, and dismiss this action.

## PROCEDURAL AND FACTUAL BACKGROUND

The parties are familiar with the extensive procedural background of this action. As pertinent, plaintiffs initiated this action in December 2004 to challenge the critical habitat designation for bull trout in the Klamath River and Columbia River population groups, two of five groups that are listed as a single threatened distinct population segment ("DPS") under the ESA. The other three groups included in the DPS are the Jarbidge River, the Coastal-Puget Sound, and the St. Mary-Belly River population groups.

After plaintiffs filed their complaint, FWS moved for a voluntary partial remand of the final rule to reconsider certain exclusions. In June 2005, I granted the motion and ordered the FWS to issue a new final designation by September 15, 2005. FWS ultimately decided to issue a single final rule designating critical habitat for all five bull trout populations. FWS submitted the final rule to the Federal Register on September 15, 2005; the final rule was published on September 26, 2005.

On January 26, 2006, plaintiffs filed a second amended complaint challenging the 2005 critical habitat designation as inadequate and contrary to law. After completion of briefing on the cross-motions for summary judgment and oral argument, I took the motions under advisement in late April 2007.

Meanwhile, ESA decisions influenced by former Deputy Assistant Secretary Julie MacDonald came under fire. On December 15, 2008, the Department of the Interior Office of the Inspector General issued an investigative report ("IG Report") on its findings regarding MacDonald's influence on 20 of FWS' decisions under section 4 of the ESA. The report concluded that MacDonald took actions that potentially jeopardized the ESA decisional process in 13 of the 20 investigated decisions, including the final designation of critical habitat for the bull trout.

On December 22, 2008, defendants gave this court notice of the IG Report, representing that they would be reviewing the report and the administrative record to determine whether to continue this litigation, amend their position, or pursue further administrative action with respect to the challenged rule in light of the IG Report. On March 23, 2009, defendants gave notice that they would seek remand of the final rule. Unable to reach an agreement with plaintiffs concerning the parameters of the remand, defendants filed the present motion.

## DISCUSSION

It is within this court's equitable power to remand an agency decision without judicial consideration of the merits. E.g., Ford Motor Co. v. NLRB, 305 U.S. 364, 373 (1939). Plaintiffs do not dispute this proposition, but urge this court to use its discretion to deny FWS' request for voluntary remand and instead grant plaintiffs a judgment on the merits and remand this action to FWS to comply with applicable law.

I have considered the positions of the parties, and while this presents a close call, I conclude that a remand without expending further judicial resources to consider the merits is appropriate. Without question, the merits of the 2005 final rule will be difficult for FWS to

4 - OPINION AND ORDER

justify or sustain on remand, due in part to MacDonald's extensive interference in the process and over-reaching and "illogical" policy choices. As the IG Report summarizes:

> We determined that MacDonald was heavily involved with excluding large amounts of areas from the bull trout CHD; she accomplished this goal by making several policy decisions. Many FWS staff whom we interviewed believed MacDonald's ad hoc policy decisions resulted in a final CHD rule that was not based upon the best available science and was harmful to the recovery of the species. In fact, one FWS manager who supervised the development of the CHD rule stated that the final rule -- after MacDonald's exclusions -- defied logic, and he stated that he would be unable to defend the final rule in a court of law if asked to do so by a judge.
>
> Several other high-level FWS employees said that while MacDonald's exclusions probably did not amount to improper political influence, she "pushed the limits" in making her discretionary exclusions to the CHD.

Federal Defendants' Motion for Voluntary Remand, Exh. A (IG Report), p. 15.

Although I decline to reach the merits of the final rule, I agree with plaintiffs that defendants' proposed schedule on remand builds too much delay into a process that should have been, and absent MacDonald's interference, perhaps could have been completed successfully in a timely manner, to the benefit of threatened bull trout populations. Defendants request until May 15, 2010, to complete a new draft critical habitat designation and submit it to the Federal Register, and an additional year, until May 15, 2011, to complete the final rule. In the meantime, defendants recommend that the 2005 final critical habitat rule remain in place during the process.

Plaintiffs agree that although the 2005 final rule provides protection for only ten percent of the habitat identified as essential to the recovery and survival of bull trout, it should remain in effect during the remand period. Plaintiffs object, however, to defendants' proposed schedule on remand as too lengthy, and propose instead that defendants be required to complete the draft rule no later than October 15, 2009, and a final rule no later than July 15, 2010, nine months later.

5 - OPINION AND ORDER

I agree with plaintiffs that defendants should be able to complete the draft rule and move to a final rule on a schedule condensed from that which defendants propose, particularly in view of the 2002 Draft Critical Habitat proposal, which is an excellent starting point, the 2005 Core Area Assessment, the 2008 Status Review, and the 2009 Core Area Assessment Updates, which plaintiffs point out all address bull trout throughout their range, and all of which have been available or became available to defendants during the pendency of this litigation. See Plaintiffs' Response in Opposition to Motion for Voluntary Remand, pp. 12-13.

In consideration of the above and in light of the date of today's decision, I conclude that it is reasonable to require defendants to complete the draft rule within six months, i.e., no later than December 31, 2009; and to submit the final rule no later than September 30, 2010, nine months later. Therefore, it is hereby ORDERED as follows:

1. Defendants' Motion for Voluntary Remand is Granted on the terms set forth herein and the final critical habitat designation challenged in this litigation is remanded to defendants for further consideration and evaluation;

2. On or before December 31, 2009, defendants shall submit a proposed revised critical habitat designation to the Federal Register for publication;

3. On or before September 30, 2010, defendants shall submit a final decision concerning the proposal referenced in paragraph (2) to the Federal Register for publication;

4. The existing critical habitat designation shall remain in full force and effect pending the issuance of the final decision referenced in paragraph (3);

5.  Defendants shall file a status report on August 31, 2009, and every 60 days thereafter, advising the court as to defendants' progress toward completing the final critical habitat rule.

6.  The parties' cross-motions for summary judgment (## 72, 74) and any other pending motions are denied as moot.

7.  There being no further matters before the court, this action is dismissed.

DATED this 1st day of July, 2009.

*Robert E. Jones*
ROBERT E. JONES
U.S. District Judge

7 - OPINION AND ORDER