IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| ALLIANCE FOR THE WILD ROCKIES, INC.; FRIENDS OF THE WILD SWAN INC., | ) ) ) | |
| Plaintiffs, | ) ) | Civil No. 04-1813-JO |
| v. | ) ) ) | O R D E R |
| DAVE ALLEN, Regional Director, U.S. Fish and Wildlife Service; ET AL., | ) ) ) | |
| Defendants. | ) | |

    Gary K. Kahn
    REEVES KAHN & HENNESSY
    4035 S.E. 52nd Avenue
    P. O. Box 86100
    Portland, OR 97286-0100

    Jack R. Tuholske
    TUHOLSKE LAW OFFICE, PC
    234 E. Pine Street
    P. O. Box 7458
    Missoula, MT 59807

Sarah K. McMillan
Attorney at Law
P. O. Box 7435
Missoula, MT 59807

  Attorneys for Plaintiffs

Jean E. Williams
U.S. DEPARTMENT OF JUSTICE
Environment & Natural Resources Division
Ben Franklin Station
P. O. Box 7369
Washington, D.C. 20004-7369

Bridget K. McNeil
U.S. DEPARTMENT OF JUSTICE
Environment & Natural Resources Division
1961 Stout Street, 8th Floor
Denver, CO 80294

Kevin W. McArdle
U.S. DEPARTMENT OF JUSTICE
Wildlife & Marine Resources Section
P. O. Box 7369
Washington, D.C. 20044-7369

Ross A. Day
COMMON SENSE FOR OREGON, INC.
2007 State Street
Salem, OR 97301

Damien M. Schiff
PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834

James S. Burling
PACIFIC LEGAL FOUNDATION
10940 N.E. 33rd Place, Suite 109
Bellevue, WA 98004

  Attorneys for Defendants and Intervenor Defendants

JONES, Judge:

Plaintiffs in this protracted Endangered Species Act ("ESA") case bring this motion (# 124) for costs and legal fees under the litigation cost recovery provision, 16 U.S.C. § 1540(g)(4). In their revised and supplemental requests, plaintiffs seek $229,127.50 in attorney fees, $12,291.00 in intern/paralegal fees, $9,720.00 in fees for Mike Bader, plus costs.[1]

With respect to the attorney fee request, defendants do not dispute that plaintiffs should be characterized as the prevailing party in this action. Additionally, the parties agree that it is appropriate to base the fee award on the prevailing market rates in Portland in 2006 and 2007. Defendants contend, however, that: (1) the requested hourly rates and the number of hours claimed are excessive; (2) no award should be made to attorney Gary Kahn for lack of supporting documentation; (3) the intern hours should be disallowed; (4) the paralegal costs are excessive; and (5) costs associated with Mike Bader are not compensable. Defendants also challenge plaintiffs' costs.

For the reasons explained below, I award plaintiffs a total of $187,211.75 in attorney fees, $5,877.00 in paralegal/intern fees, and $3,780.00 for Bader's services, a total of $196,868.75. Plaintiffs' request for an award of costs is denied.

1.  Attorney Fees

In determining the appropriate amount of attorney fees, I apply the "lodestar" method, which produces a presumptively reasonable rate. See, e.g., Mendez v. County of San Bernardino,

---

[1] Tuholske and McMillan both adjusted their hours downward slightly based on defendants' objections. The court has calculated the fee request figures based on the various affidavits, to the best of its ability. Time claimed for McMillan before December 2005 (30.5 hours) is not documented and is denied.

3 - ORDER

540 F.3d 1109, 1129 (9th Cir. 2008).  I calculate the lodestar by multiplying the number of hours reasonably expended by the prevailing party by a reasonable hourly rate, then making any adjustments necessary to account for factors not already subsumed withing the initial lodestar calculation.  Id.  Among other things, I must determine what constitutes a reasonable hourly rate for work performed in the community by attorneys of similar skill, experience and reputation.  Id. at 1129-30.  I also look for unnecessary hours and duplicative work, and may consider the "results obtained."  Id. at 1130.

    a.    Hourly Rates

Tuholske seeks an hourly rate of $350 per hour (as does Gary Kahn), and McMillan seeks an hourly rate of $250-275 per hour.  Defendants object to these rates as excessive, suggesting instead that Tuholske and McMillan be compensated at the rates of $225 per hour and $188 per hour, respectively.

I have thoroughly reviewed all of the materials submitted, including the various affidavits and the 2007 OSB economic survey, and considering all the relevant factors, I conclude that plaintiffs have demonstrated that the requested rates for Tuholske and McMillan are reasonable and in line with prevailing rates in this community, except with respect to the fee request itself, as explained below.[2]

---

[2] Defendants' objection to an award of fees to Gary Kahn for lack of documentation is well-taken.  The court will award no fees or costs arising from Mr. Kahn's participation ($1,890 in fees and $225 in costs).

4 - ORDER

      b.      <u>Number of Hours</u>

Tuholske seeks reimbursement for 395.8 hours less 17.1, a total of 378.7 hours at $350 per hour. That figure includes time spent on plaintiffs' reply in support of the present petition. McMillan seeks reimbursement for 369 hours less 6.7, a total of 362.3, at two rates, $250 per hour from December 2005 through November 2006, then $275 per hour for the remainder.

Defendants complain that many of the billing entries are vague or duplicative, but after reviewing all of the time records and accompanying affidavits, I conclude that the records are sufficient to support the claimed hours. I am concerned, however, as voiced by the defendants, that the hours incurred are excessive in light of counsel's expertise, and also that lapses in active litigation over the past five years necessitated some duplicative "gear up" time for both counsel and clients. To account for these issues, I will apply a 10 percent across-the-board reduction to the fees incurred on issues other than attorney fees. In making this reduction, however, I note that had the federal defendants played fair and square with their science, plaintiffs' expenditures in this litigation may have been dramatically reduced.

I also agree with defendants that the amount of time spent on the fee petition and the reply in support is excessive, especially in light of the hourly rates charged. Tuholske claims 64.1 hours at $350 per hour ($22,435.00) for that work; McMillan claims 35.4 hours at $275 per hour ($9,735.00) for similar work. The hours incurred indeed are excessive and inadequately explained, and the nature of many of the listed tasks belies the need for environmental expertise or the enhanced rates that accompanies that expertise. I conclude both the number of hours and the hourly rate should be reduced and, accordingly, reduce the hours by 50 percent and reduce the hourly rate for those hours to $200 per hour.

Consequently, Tuholske is entitled to reimbursement for 314.6 hours at $350 per hour, a total of $110,110.00, reduced by ten percent for an award of $99,099.00, plus $6,410.00 for work on the fee petition (32.05 hours at $200 per hour). McMillan is entitled to reimbursement for 122 hours at $250 per hour and 204.9 hours at $275 per hour, a total of $86,847.50, reduced by ten percent for an award of $78,162.75, plus $3,540.00 for work on the fee petition (17.7 hours at $200 per hour).

In sum, plaintiffs are awarded $105,509.00 in attorney fees for Tuholske's services, and $81,702.75 for McMillan's services.

2.  <u>Intern/Paralegal Fees</u>

Plaintiffs seek reimbursement for paralegal and intern time at the rate of $120 per hour for a total of 104.3 hours. <u>See</u> <u>Missouri v. Jenkins by Agyei</u>, 491 U.S. 274, 288 (1989)(recognizing that reimbursement of paralegal and law clerk time can be appropriate). Defendants object to any award in this case because of lack of detail concerning the intern and paralegal qualifications, and also object to the hourly rate as excessive, particularly in view of the clerical nature of many of the tasks.

I agree with defendants that many of the claimed hours between 2005 and 2007 reflect clerical tasks, and I have deducted 39 hours during that period. The remaining 65.3 hours are adequately described and reflect appropriate paralegal and intern activities. I also agree with defendants that plaintiffs have not justified the requested $120 hourly rate, which I find to be excessive. Based on other awards in this district, I conclude that $90 per hour is sufficient to reimburse plaintiffs for this time. Consequently, I award plaintiffs $5,877.00 for paralegal and intern time.

6 - ORDER

3.  Mike Bader's Time

Plaintiffs seek reimbursement for 81[3] hours at $120 per hour for time incurred by Mike Bader, a self-described "para-legal researcher."  Declaration of Michael G. Bader.  I have reviewed the parties' arguments and Bader's billing record, and conclude that the lack of documentation and adequate explanation permits reimbursement of only 42 hours of the total claimed.  I particularly decline to accept the entries on December 7, 2005 (22 hours), and February 20, 2007 (9 hours) for lack of any description of the actual work entailed.

Consequently, I reimburse plaintiffs for 42 hours of Bader's services at $90 per hour, the paralegal/intern rate applied above, for a total of $3,780.00.

4.  Costs

Plaintiffs seek to recover costs totaling $2,518.36.  Plaintiffs have not, however, submitted documentation justifying the costs that might otherwise be allowable (e.g., copying costs), let alone support or documentation justifying costs that ordinarily would not be allowable (e.g., meals, airfare, hotel, postage).  It is not this court's task to speculate as to the legitimacy of plaintiffs' costs and expenses, and I therefore exercise my discretion to deny any costs.

## CONCLUSION

Plaintiffs' motion (# 124) for costs and legal fees is granted in part and denied in part, as follows.  Plaintiffs are awarded a total of $187,211.75 in attorney fees, $5,877.00 in

---

[3] Bader's time record reflects 80.5, not 81, hours as claimed.

7 - ORDER

paralegal/intern fees, and $3,780.00 for Bader's services, a total of $196,868.75.  Plaintiffs' request for an award of costs is denied.

      DATED this 15th day of March, 2010.

                                               /s/ Robert E. Jones
                                              ROBERT E. JONES
                                              U.S. District Judge